```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ELIJAH CHISOLM,                          08 Civ. 4694
                                              J. Berman
                Plaintiff,
                                         AMENDED
     -against-                           COMPLAINT

PRODUCERS RICE MILL, INC., RAFI
INDUSTRIES d/b/a CHICAGO SWEETENERS,
INC., CSX CORPORATION and CSX            PLAINTIFF DEMANDS
TRANSPORTATION, INC.                     TRIAL BY JURY

                Defendants.
---------------------------------------X
```

Plaintiff, complaining of defendants, by his attorneys, **ALTIER & VOGT, LLC**, respectfully shows to this Court and alleges, upon information and belief:

## JURISDICTION

**FIRST:**   That this Court has jurisdiction pursuant to 28 USC § 1332(a) in that the matter in controversy exceeds $75,000.00, exclusive of costs, and there exists diversity of citizenship between the parties.

**SECOND:**   At all times hereinafter mentioned the plaintiff, ELIJAH CHISOLM was and still is a resident of the County of Bronx, City and State of New York.

**THIRD**:   At all times herein mentioned, the defendant, PRODUCERS RICE MILL, INC. was and still is an Arkansas corporation, authorized to do business in the State of New York.

**FOURTH:**   At all times herein mentioned, the defendant,

PRODUCERS RICE MILL, INC. was and still is a foreign corporation doing business in the State of New York.

**FIFTH:** At all times herein mentioned, the defendant, RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS, INC. was and still is an Illinois corporation, authorized to do business in the State of New York.

**SIXTH:** At all times herein mentioned, the defendant, RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS, INC. was and still is a corporation doing business in the State of New York.

**SEVENTH:** At all times herein mentioned, the defendant, CSX CORPORATION, was and still is a Florida corporation, authorized to do business in the State of New York.

**EIGHTH:** At all times herein mentioned, the defendant, CSX CORPORATION, was and still is a corporation doing business in the State of New York.

**NINTH:** At all times herein mentioned, the defendant, CSX TRANSPORTATION, INC., was and still is a Virginia corporation authorized to do business in the State of New York.

**TENTH:** At all times herein mentioned, the defendant, CSX TRANSPORTATION, INC., was and still is a corporation doing business in the State of New York.

**ELEVENTH:** That on and before March 2, 2007 defendant PRODUCERS RICE MILL, INC. owned, operated, maintained and/or controlled a certain railroad boxcar which was in use in interstate commerce for shipping food products.

**TWELFTH:** That on and before March 2, 2007 defendant

PRODUCERS RICE MILL, INC., by its agents, servants and/or employees, entered into a contract to sell rice to GOYA FOODS, INC.

**THIRTEENTH:** That on and before March 2, 2007 defendant PRODUCERS RICE MILL, INC., by its agents, servants and/or employees, did sell rice to GOYA FOODS, INC. for delivery by rail on or about March 2, 2007 to New Haven Distributors, Bronx, New York.

**FOURTEENTH:** That prior to March 2, 2007, defendant PRODUCERS RICE MILL, INC., by its agents, servants and/or employees, loaded said rice onto the aforesaid railroad boxcar for delivery to New Haven Distributors, Bronx, New York.

**FIFTEENTH:** That on and about March 2, 2007 defendant PRODUCERS RICE MILL, INC., by its agents, servants, and/or employees, did deliver, or caused to be delivered, by rail said rice to New Haven Distributors, Bronx, New York.

**SIXTEENTH:** That defendant PRODUCERS RICE MILL, INC. did own the railroad boxcar that delivered said rice to New Haven Distributors, Bronx, New York on or about March 2, 2007.

**SEVENTEENTH:** That on and before March 2, 2007 defendant RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS, INC. owned, operated, maintained and/or controlled a certain railroad boxcar which was in use in interstate commerce for shipping food products.

**EIGHTEENTH:** That on and before March 2, 2007 defendant RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS, INC., by its agents, servants and/or employees, entered into a contract to sell

powdered drink mix to 4C FOODS CORP.

**NINETEENTH:**    That on and before March 2, 2007 defendant RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS, INC., by its agents, servants and/or employees, did sell powdered drink mix to 4C FOODS CORP. for delivery by rail on or about March 2, 2007 to New Haven Distributors, Bronx, New York.

**TWENTIETH:** That prior to March 2, 2007, defendant RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS, INC., by its agents, servants and/or employees, loaded said powdered drink mix onto the aforesaid railroad boxcar for delivery to New Haven Distributors, Bronx, New York.

**TWENTY FIRST:**  That on and about March 2, 2007 defendant RAFI INDUSTRIES d/b/a CHICAGO SWEETNERS, INC., by its agents, servants and/or employees, did deliver, or caused to be delivered, by rail said powdered drink mix to New Haven Distributors, Bronx, New York.

**TWENTY SECOND:** That defendant RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS, INC., did own the railroad boxcar that delivered said rice to New Haven Distributors, Bronx, New York on or about March 2, 2007.

**TWENTY THIRD:**   That defendant CSX CORPORATION did own the aforesaid railroad boxcar(s) that delivered said products to New Haven Distributors, Bronx, New York on or about March 2, 2007.

**TWENTY FOURTH:** That defendant CSX CORPORATION did operate the aforesaid railroad boxcar(s) that delivered said products to New Haven Distributors, Bronx, New York on or about March 2,

2007.

**TWENTY FIFTH:**  That defendant CSX CORPORATION did maintain the aforesaid railroad boxcar(s) that delivered said products to New Haven Distributors, Bronx, New York on or about March 2, 2007.

**TWENTY SIXTH:**  That defendant CSX CORPORATION did control the aforesaid railroad boxcar(s) that delivered said products to New Haven Distributors, Bronx, New York on or about March 2, 2007.

**TWENTY SEVENTH:** That defendant CSX TRANSPORTATION, INC. did own the aforesaid railroad boxcar(s) that delivered said products to New Haven Distributors, Bronx, New York on or about March 2, 2007.

**TWENTY EIGHTH:** That defendant CSX TRANSPORTATION, INC. did operate the aforesaid railroad boxcar(s) that delivered said products to New Haven Distributors, Bronx, New York on or about March 2, 2007.

**TWENTY NINTH:**  That defendant CSX TRANSPORTATION, INC. did maintain the aforesaid railroad boxcar(s) that delivered said products to New Haven Distributors, Bronx, New York on or about March 2, 2007.

**THIRTIETH:** That defendant CSX TRANSPORTATION did control the aforesaid railroad boxcar(s) that delivered said products to New Haven Distributors, Bronx, New York on or about March 2, 2007.

**THIRTY FIRST**:  That on March 2, 2007 the aforesaid railroad boxcar was at 999 East 149th Street, Bronx, New York.

**THIRY SECOND:**   That on March 2, 2007 at 999 East 149th Street, Bronx, New York, plaintiff ELIJAH CHISOLM was injured while attempting to close a door on said railroad boxcar.

**THIRTY THIRD:**   That plaintiff's injury was cause solely and wholly by reason of the dangerous and defective condition of the defendants' railroad boxcar and/or its negligence in the packing/loading of said boxcar.

**THIRTY FOURTH:** The plaintiff's injury was cause solely and wholly by reason of the carelessness, recklessness and negligence of defendants, their agents, servants and employees in the following respects: in that employees of defendants were careless and negligent in the performance of their duties; in that defendants' employees were negligent in the operation and work of defendants' business; in that defendants maintained said box car in an improper, defective and dangerous condition; in causing, allowing, suffering and/or permitting the roof of the boxcar to leak thereby causing rainwater to collect inside and on the floor of the boxcar and to be slippery; in causing, allowing, suffering and/or permitting the shipment/load/freight in the boxcar to be improperly packed/stored/secured/contained causing it to shift and break open thereby allowing debris to fall and spill onto the floor of the boxcar;  in causing, allowing, suffering and/or permitting the door mechanism of said boxcar to be and remain in disrepair, and to be and remain in a dangerous and defective condition; in failing to properly repair inspect and maintain the door and door track and door movement

mechanism of said boxcar; in owning, operating, maintaining and/or controlling said boxcar with a dangerous and defective door and door track and door movement mechanism that was unable to be closed in a safe and proper manner; in placing and keeping said dangerous and defective boxcar in use; in that employees of defendants failed to take proper precautions to prevent the injuries sustained by plaintiff; in that defendants violated applicable governmental rules and regulations including rules and regulations of the Occupational Safety and Health Administration and Federal Railroad Administration; in violating defendants' own safety rules; in that defendants failed to promulgate and enforce proper and safe rules for the safe conduct of the work and operation of its business; in failing to guard against those risks and/or dangers which defendants knew or by the exercise of due care should have known; in failing to exercise reasonable care to provide a safe and efficient railroad boxcar; in failing to timely inspect and maintain said railroad boxcar; in violating its own safety rules and regulations and accustomed practice in the industry.

  **THIRTY FIFTH:** Said occurrence and the Plaintiff's injuries resulting therefrom were due wholly and solely to the negligence of defendants, their agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

  **THIRTY SIXTH:** By reason of the premises, plaintiff was

severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sick, sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur liability for medical treatment and medicine, and will incur such expenses in the future.

**THIRTY SEVENTH:** By reason of the premises, plaintiff has been damaged in the sum of which exceeds the minimum jurisdictional requirements of this court.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and/or severally in the sum which exceeds the minimum jurisdictional requirements of this court, together with the costs and disbursements of this action.

Dated:  New York, N.Y.
        August 5, 2008

                                        Yours, etc.

                                        **ALTIER & VOGT, LLC**


                                    BY:_____
                                        **MICHAEL LEVINE (ML 6312)**
                                        Attorneys for Plaintiff
450 Seventh Avenue
New York, New York 10123
                212-564-9090


TO:   **ROBIN HARRIS KING & MODERA**
      Attorneys for Defendant
          **PRODUCERS RICE MILL, INC.**
      1 Battery Park Plaza, 30th Floor
      New York, New York 10004

```
Attn: Doreen Correia, Esq.
(914) 989-6638
```

**EUSTACE & MARQUEZ**
Attorney for Defendant
    **RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS, INC.**
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York 10605
Attn: John R. Marquez, Esq.
(914) 989-6650

**GOLDBERG & SEGALLA LLP**
Attorneys for Defendants
    **CSX CORPORATION and CSX TRANSPORTATION, INC.**
170 Hamilton Avenue
Suite 203
White Plains, New York 10601
(914) 285-8500