UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

ELIJAH CHISOLM,                              Docket No.: 08 CIV.
                                             4694
                 Plaintiff

                    v.                       **ANSWER TO AMENDED**
                                             **COMPLAINT**

PRODUCERS RICE MILL, INC., RAFI
INDUSTRIES d/b/a CHICAGO SWEETNERS,
INC., CSX CORPORATION and CSX
TRANSPORTATION, INC.

                 Defendants


     Defendant, Rafi Industries d/b/a Chicago Sweeteners,

Inc., by its attorneys, EUSTACE & MARQUEZ, answers the

Amended Complaint of the Plaintiff by stating as follows:

     1.   Admit.

     2.   Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph 2.

     3.   Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph 3.

     4.   Admit.

     5.   Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph 5,

except to admit that RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS,

INC. was and still is an Illinois corporation doing business in

State of New York.

6.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, except to admit that Defendant, RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS, INC., RAFI INDUSTRIES d/b/a CHICAGO SWEETENERS, INC. conducts business in New York.

7.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

25.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.   Denies, upon information and belief, the allegations of paragraph 33.

34.   Denies, upon information and belief, the allegations of paragraph 34.

35.   Denies, upon information and belief, the allegations of paragraph 35.

36.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

38.   The injuries alleged to have been suffered by the Plaintiffs were caused, in whole or part, by the conduct of Plaintiffs. Plaintiffs' claims therefore are barred or diminished in the proportion that such culpable conduct of Plaintiffs bears to the total culpable conduct causing the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

39.   The injuries and damages alleged in the Amended Complaint were caused or contributed to by the culpable conduct including contributory negligence, assumption of the risk and/or

product misuse of persons over whom this Defendant had no
authority or control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

40.   Pursuant to CPLR Article 16, the liability of this
Defendant for non-economic loss shall not exceed the equitable
share of this Defendant determined in accordance with the
relative culpability of each person/party causing or
contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

41.   That recovery, if any, by the Plaintiffs shall be
reduced by the amounts paid or reimbursed by collateral sources
in accordance with CPLR 4545(c).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

42.   That the product which is the subject of this action
was misused by the Plaintiffs and/or by others over whom this
answering Defendant had not exercised any control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

43.   The injuries and damages alleged in the Amended
Complaint of the Plaintiffs were caused or contributed to by
Plaintiff's culpable conduct in assuming the risk under the
conditions and circumstances existing.

**AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST: PRODUCERS RICE MILL, INC., CSX CORORATION AND CSX TRANSPORTATION, INC.**

44.    If any plaintiff recovers against this Defendant, then this Defendant will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

**AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY AGAINST: PRODUCERS RICE MILL, INC., CSX CORORATION AND CSX TRANSPORTATION, INC.**

45.    If any plaintiff recovers against this Defendant, then this Defendant will be entitled to be indemnified and to recover the full amount of any judgment from the PRODUCERS RICE MILL, INC., CSX CORORATION and CSX TRANSPORTATION, INC..

**AS AND FOR A CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AGAINST: CSX CORPORATION AND CSX TRANSPORTATION, INC.**

46.    At the time of the accident alleged in the complaint a contract was in effect between this Defendant and CSX CORPORATION and CSX TRANSPORTATION, INC..

47.    The contract required CSX CORPORATION and CSX TRANSPORTATION, INC. to indemnify and, or hold harmless this Defendant for all claims, losses, liability and damages for any injury to any person.

48.    CSX CORPORATION and CSX TRANSPORTATION, INC. breached the contract and is obligated to indemnify this Defendant for

any judgment or settlement obtained by any plaintiff in this action including defense costs and attorneys' fees.

WHEREFORE, this Defendant demands judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and this Defendant further demands judgment against each other party on the respective crossclaims and/or counterclaims.

DATED: August 29, 2008
       White Plains, New York


                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendant
                              **RAFI INDUSTRIES D/B/A CHICAGO**
                              **SWEETENERS, INC.**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York  10605
                              (914) 989-6650

                              By: _____

                              John R. Marquez (JRM 3623)

To:

Altier & Vogt, LLC
Attorneys for Plaintiff, Elijah Chisolm
450 Seventh Avenue
36th Floor
New York, New York  10122

Robin Harris King & Modera
Attorneys for Defendant
Producers Rice Mill, Inc.
1 Battery Park Plaza 30th Fl.
New York, New York 10004

Goldberg & Segalla LLP
Attorneys for Defendants
  CSX Corporation and CSX Transportation, Inc.
170 Hamilton Avenue Suite 203
White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
ELIJAH CHISOLM,                                    Docket No.: 08 CIV.
                                                   4694
              Plaintiff

                    v.                             **NOTICE PURSUANT TO
                                                   CPLR 2103**

PRODUCERS RICE MILL, INC.,RAFI INDUSTRIES
d/b/a CHICAGO SWEETNERS, INC., CSX
CORPORATION and CSX TRANSPORTATION, INC.,

                    Defendants
---------------------------------------x

        **PLEASE TAKE NOTICE** that Defendant **Rafi Industries**

**d/b/a Chicago Sweeteners, Inc.**, by its attorneys, EUSTACE &

MARQUEZ, hereby serve(s) Notice upon you pursuant to Rule

2103 of the Civil Practice Law and Rules that it **expressly**

**rejects** service of papers in this matter upon them by

electronic means.

        **PLEASE TAKE FURTHER NOTICE** that waiver of the

foregoing may only be affected by express prior written

consent to such service by **EUSTACE & MARQUEZ** and by

placement thereby of **EUSTACE & MARQUEZ** electronic

communication number in the address block of papers filed

with the Court.

DATED: August 29, 2008
       White Plains, New York


                                    Yours, etc.,

                                    **EUSTACE & MARQUEZ**
                                    Attorneys for Defendant
                                    **RAFI INDUSTRIES D/B/A CHICAGO**
                                    **SWEETENERS, INC.**
                                    Office and Post Office
                                    Address
                                    1311 Mamaroneck Avenue
                                    3rd Floor
                                    White Plains, New York  10605
                                    (914) 989-6650

                                    By:

                                    _____
                                    John R. Marquez (JRM 3623)

To:

Altier & Vogt, LLC
Attorneys for Plaintiff, Elijah Chisolm
450 Seventh Avenue
36th Floor
New York, New York  10122

Robin Harris King & Modera
Attorneys for Defendant
Producers Rice Mill, Inc.
1 Battery Park Plaza 30th Fl.
New York, New York 10004

Goldberg & Segalla LLP
Attorneys for Defendants
  CSX Corporation and CSX Transportation, Inc.
170 Hamilton Avenue Suite 203
White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
ELIJAH CHISOLM,

               Plaintiff

               v.

PRODUCERS RICE MILL, INC., RAFI INDUSTRIES
d/b/a CHICAGO SWEETNERS, INC., CSX
CORPORATION and CSX TRANSPORTATION, INC.,

               Defendants
-------------------------------------x

Docket No.: 08 CIV. 4694

**COMBINED DISCOVERY DEMANDS AND NOTICE OF DEPOSITION**

    **PLEASE TAKE NOTICE**, that Defendant **Rafi Industries d/b/a Chicago Sweeteners, Inc.**, by its attorneys, **EUSTACE & MARQUEZ**, demands that each adverse party afford us the disclosure which this notice and demand specifies:

        **DEPOSITIONS OF ADVERSE PARTIES UPON ORAL EXAMINATION**

    A.  Each adverse party is to appear for deposition upon oral examination pursuant to CPLR 3107:

    (1) At this date and time: September 29, 2008 at 10:00 am

    (2) At this place:  Eustace & Marquez

                    1311 Mamaroneck Avenue

                    3rd Floor

                    White Plains, NY 10605

    Pursuant to CPLR 3106(d) we designate the following as the identity, description or title of the particular

officer, director, member, or employee of the adverse party
specified whose deposition we desire to take: ALL PARTIES

C.  Each deposition witness thus examined is to
produce at such time and place, pursuant to CPLR 3111, all
books, papers, and other things which are relevant to the
issues in the action and within that adverse party's
possession, custody, or control to be marked as exhibits,
and used on the examination.

### PARTY STATEMENTS

Each adverse party is to serve on us, pursuant to CPLR
3101(e) and CPLR 3120, within thirty (30) days from the
service of this Demand, a complete and legible copy of any
statement made by or taken from any individual party or any
officer, agent, or employee of said party.

### INSURANCE POLICIES

Each adverse party is to serve, pursuant to CPLR
3101(f) and CPLR 3120, within thirty (30) days from the
service of this Demand, a complete and legible copy of each
primary or excess insurance agreement under which any
person carrying on an insurance business may be liable to
satisfy part or all of any judgment which may be entered in
this action or to indemnify or reimburse for payments made
to satisfy any such judgment.

## ACCIDENT REPORTS

Each adverse party is to serve, pursuant to CPLR 3101(g) and CPLR 3120, within thirty (30) days from service of this Demand, a complete and legible copy of every written report of the accident or other event alleged in the complaint prepared in the regular course of that adverse party's business operations or practices.

## PHOTOGRAPHS AND VIDEOTAPES

Each adverse party is to serve within thirty (30) days from the service of this Demand, complete and legible photographic or videotape reproductions of any and all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys of the scene of the accident or equipment or instrumentality involved in the action or photographs of persons or vehicles involved (if applicable) made either before, after or at the time of the events in question, including any photographs or videotapes made of the plaintiff at any time since the incident referred to in the Complaint.

## WITNESSES

Each adverse party is to serve within thirty (30) days from the service of this Demand, the name and address of each witness to any of the following:

1.   The accident, occurrence or any other event set forth in the complaint.

2.   Any fact tending to prove actual or constructive notice of any condition which may give rise to the liability of any person, whether or not a party, for any damages alleged in this action.

3.   Any admission, statement, writing or act of our client.

## EXPERT WITNESS MATERIAL

Each adverse party is to serve, pursuant to CPLR 3101(d)(1), within thirty (30) days from the service of this request, a statement specifying all of the following data as to each person whom that adverse party expects to call as an expert witness at trial:

A.   The identity of each expert;

B.   The subject matter on which each expert is expected to testify, disclosed in reasonable detail;

C.   The substance of the facts and opinions on which each expert is expected to testify;

D.   The qualifications of each expert; and

E.   A summary of the grounds for each expert's opinion.

**PLEASE TAKE FURTHER NOTICE** that we will object at trial to the offer of any proof of an expert's

qualifications which are different from or additional to those which the adverse party calling the expert had disclosed in reference to sub-paragraph D.

## COLLATERAL SOURCE INFORMATION

Each plaintiff seeking to recover for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss is to serve, pursuant to CPLR 4545(c), within thirty (30) days from the service of this Demand, a statement of all past and future cost and expense which has been or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as insurance (except life insurance), social security, workers' compensation, or employee benefit programs. Each such statement is to set forth the name, address, and insurance policy (or other account) number of each collateral source payor; and, separately stated for each payor, a list specifying the date and amount of each payment and the name, address, and social security number or other taxpayer identification number of each payee.

## PRODUCTION OF MEDICAL REPORTS AND AUTHORIZATIONS

Each plaintiff is to serve upon and deliver to us within thirty (30) days from the service of this Demand:

Medical Reports and Bills: Copies of the medical reports and bills of those health professionals who have previously treated or examined the plaintiff. Those reports shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those diagnostic tests and technicians' reports which will be offered at the trial.

Medical Authorizations: Duly executed and acknowledged written medical authorizations, complying with the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. §164.508(a), (using attached form) permitting all parties to obtain and make copies of the records and notes including any intake sheets, diagnostic tests, X-Rays, MRI's and cat scan films, of all treating and examining hospitals, physicians and other medical professionals.

### PRODUCTION OF RECORDS AND AUTHORIZATIONS

Each plaintiff is to serve upon and deliver to us within thirty (30) days from the service of this demand duly executed, fully addressed and acknowledged written authorizations permitting all parties to obtain and make copies of each of the following:

A.  All workers' compensation records and reports of hearings pertaining to the incident alleged to have occurred in plaintiff's complaint maintained by the workers' compensation Board and workers' compensation carrier.

B.  All records of present and past employment of plaintiff.

C.  All records in the no-fault file of any carrier issuing benefits to the plaintiff arising out of the incident alleged to have occurred in the complaint.

D.  All records of the Internal Revenue Service filed by the plaintiff for the calendar year prior to the date of the incident alleged in the complaint and for the two subsequent years. Please use IRS form 4506 and attach 2 copies of identification of the plaintiff, with photo and signature as required by the IRS.

E.  All records of schools attended by plaintiff.

F.  All records of each collateral source that has provided and/or in the future will be providing any payment or reimbursement for expenses incurred because of this incident.

### NAMES AND ADDRESSES OF ATTORNEYS

Each adverse party is to serve on us, within thirty (30) days from service of this Demand, the names and

addresses of all attorneys having appeared in this action
on behalf of any adverse party.

**PLEASE TAKE FURTHER NOTICE THAT THESE ARE CONTINUING
DEMANDS,** and that each demand requires that an adverse
party who acquires more than thirty (30) days from the
service of this demand any document, information, or thing
(including the opinion of any person whom the adverse party
expects to call as an expert witness at trial) which is
responsive to any of the above demands, is to give us
prompt written advice to that effect; and, within thirty
(30) days (but no less than sixty (60) days before trial),
is to serve all such information on us and allow us to
inspect, copy, test, and photograph each such document or
thing.

**PLEASE TAKE FURTHER NOTICE** that we will object at
trial, and move to preclude as to any adverse party who
does not timely identify any witness, serve any report, or
produce any document, information, or thing which is
responsive to a discovery demand set forth in any of the
ensuing paragraphs:

A.  From calling any event or notice witness not
identified to us or medical expert whose reports have not
been served on us;

B.   From calling any other expert witness whose
identity, qualifications, and expected fact and opinion
testimony (together with a summary of the grounds for each
such opinion) have not been served on us;

C.   From putting in evidence any exhibit not served on
us or produced for us to discover, inspect, copy, and
photograph in accordance with any of the ensuing
paragraphs; and

D.   From offering any other proof not timely disclosed
pursuant to a court order in this action.

DATED: August 29, 2008
       White Plains, New York

                         Yours, etc.,

                         **EUSTACE & MARQUEZ**
                         Attorneys for Defendant
                         **RAFI INDUSTRIES D/B/A CHICAGO
                         SWEETENERS, INC.**
                         Office and Post Office
                         Address
                         1311 Mamaroneck Avenue
                         3rd Floor
                         White Plains, New York  10605
                         (914) 989-6650

                         By:

                         _____
                         John R. Marquez (JRM 3623)

To:

Altier & Vogt, LLC
Attorneys for Plaintiff, Elijah Chisolm
450 Seventh Avenue
36th Floor
New York, New York  10122

Robin Harris King & Modera
Attorneys for Defendant
Producers Rice Mill, Inc.
1 Battery Park Plaza 30th Fl.
New York, New York 10004

Goldberg & Segalla LLP
Attorneys for Defendants
   CSX Corporation and CSX Transportation, Inc.
170 Hamilton Avenue Suite 203
White Plains, New York 10601

Docket No.:  08 CIV. 4694

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELIJAH CHISOLM,

        Plaintiff

      against

PRODUCERS RICE MILL, INC.,RAFI INDUSTRIES d/b/a
CHICAGO SWEETNERS, INC., CSX CORPORATION and CSX
TRANSPORTATION, INC.,


       Defendants

_____

**ANSWER TO AMENDED COMPLAINT, NOTICE PURSUANT TO CPLR 2103,
AND VARIOUS DISCOVERY DEMANDS**

_____


EUSTACE & MARQUEZ
Attorneys for Defendant
**Rafi Industries d/b/a Chicago Sweeteners, Inc.**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650